# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.L., by his Guardian Ad Litem, KEISHA LAYNE,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN KERN UNIFIED SCHOOL DISTRICT and DOES 1-100, Inclusive,<br><br>Defendants. | 1:17-cv-001686-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION**<br><br>(ECF No. 7) |

## I. INTRODUCTION

In December 2017, Plaintiff, an 11-year-old boy with a disability, filed this suit arising out of his removal from his regular classroom following an incident with a classmate. The suit alleges that Defendant Southern Kern Unified School District ("SKUSD" or "Defendant") violated the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act, and § 504 of the Rehabilitation Act of 1974, and additionally seeks attorneys' fees under the Individuals with Disabilities in Education Act ("IDEA") and California's special education law, California's Education Code § 56000 *et seq*. ECF No. 1. Defendant moved to dismiss the claim for violation of § 504 and for attorneys' fees. ECF No. 7 ("Mot."). Plaintiff opposed, ECF No. 10 ("Opp."), and Defendant replied, ECF No. 12 ("Reply"). This matter is suitable for disposition without oral argument. *See* Local Rule 230(g). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED IN PART**.

## II. FACTUAL BACKGROUND[1]

T.L. is an 11-year-old boy who suffers from ADHD and "other mental impairments" that include difficulty controlling impulses. Complaint ¶ 1. He was in a general education fifth grade class at his home school at all times relevant to the facts at issue in the Complaint. *Id*. ¶ 7. He was eligible for special education under IDEA and the California Education Code and had an individualized education program ("IEP"), which included "individual counseling, goals and other supports." *Id*. He is capable of attending a general education class "and achieving at, or above, his grade level." *Id*.

On April 21, 2017, T.L. was involved in an incident with a fellow student after school, wherein T.L., in response to a provocation, hit the other child in the head. *Id*. ¶ 8. At the time SKUSD was not providing him "with the counseling and behavioral services they had agreed to provide." *Id*. In response to the incident, SKUSD suspended T.L. and recommended that he be expelled, taking him out of his regular classroom and placing him into "an independent study program for only a fraction of the school day." *Id*. ¶ 9. The Complaint alleges that he was "deprived of being with other children in a regular classroom," which was "done because of his disabilities." *Id*.

T.L. filed a complaint with the California Office of Administrative Hearings ("OAH") under IDEA and the California Education Code and received a favorable determination following a hearing. *Id*. ¶ 10. The decision found that "T.L.'s conduct was a manifestation of his disabilities," that SKUSD's "failure to follow T.L.'s IEP contributed to and helped cause the incident," and that SKUSD failed to comply with IDEA when it removed T.L. from his regular school. *Id*. OAH ordered SKUSD to reinstate T.L. back to his regular school. *Id*. The window to appeal has closed, and the decision is final.

In sum, Plaintiff alleges, T.L. "was deprived of the benefit of being integrated into the general education population, like typical able-bodied children" and "was deprived of reasonable modifications

---

[1] The following facts are drawn from the Complaint and are accepted as true for purposes of the Motion to Dismiss. *Fowler Packing Co., Inc. v. Lanier*, 844 F.3d 809, 814 (9th Cir. 2016) ("we accept as true all factual allegations and determine whether they are sufficient to state a claim for relief; we do not, however, accept as true allegations that are conclusory") (internal quotation marks and citation omitted).

2

and accommodations that would have allowed him to integrate into a general education population" as a result of his disability. *Id*. ¶ 11.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is

3

inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

### A. Third Cause Of Action: § 504 Of The Rehabilitation Act Of 1973

Plaintiff's third cause of action alleges a violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Defendant moves to dismiss, arguing that the Complaint contains conclusory allegations amounting to nothing more than general, vague assertions that do not elevate the allegations "above the speculative level." Mot. at 4. Defendant further argues that Plaintiff could not properly incorporate by reference the administrative hearing, because it is outside the four corners of the Complaint, and it cannot therefore provide factual meat on what Defendant alleges is an otherwise bare-boned complaint. *Id.*; Reply at 1-2.

Section 504 of the Rehabilitation Act targets discrimination in the provision of state services to individuals with disabilities. It provides in pertinent part

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . . The head of each such agency shall promulgate such regulations as may be necessary to carry out the

amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.

29 U.S.C. § 794(a). The statute applies to local public schools that receive federal funding. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1203 (9th Cir. 2016); 29 U.S.C. § 794(B)(2)(b) (defining "program or activity" to include local public education). "Section 504's provisions are not expressly affirmative in nature, but the Rehabilitation Act empowers federal agencies to devise regulations aimed at preventing prohibited discrimination." *A.G.*, 815 F.3d at 1203. "[T]he Department of Education promulgates regulations implementing Section 504 with respect to federally funded education programs." *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1099 (9th Cir. 2013) (citing 34 C.F.R. part 104).

The Ninth Circuit has read § 504 to include "an implied private right of action for damages to enforce its provisions." *Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008). A plaintiff making out a claim for a § 504 violation must show that (1) he is a qualified individual with a disability; (2) he was denied "a reasonable accommodation that he needs in order to enjoy meaningful access to the benefits of public services"; and (3) the defendant receives federal financial assistance. *A.G.*, 805 F.3d at 1204 (quoting *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010) (alteration omitted)). A plaintiff may satisfy the second prong in two ways. First, he may show "that the federally funded program denied [him] services that [he] needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations." *Id.* (citing *Hamamoto*, 620 F.3d at 1097-98). Second, he may show "that that the program denied [him] meaningful access to public education through another means, such as by violating a regulation that implements section 504's prohibitions." *Id.* (citing *Lemahieu*, 513 F.3d at 938–39).

A plaintiff bringing a claim for damages under § 504 "must prove a *mens rea* of intentional discrimination," which may be met through a showing of deliberate indifference. *Id.* Showing deliberate indifference "requires both knowledge that a harm to a federally protected right is

5

substantially likely, and a failure to act upon that . . . likelihood." *Id.* (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)); *see also Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002). A plaintiff has satisfied the notice element when he "has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation)." *Duvall*, 260 F.3d at 1139. The second prong of the deliberate indifference test requires more than mere negligence; the failure to act must "involve[] an element of deliberateness." *Id.*

Not every violation of a regulation promulgated pursuant to § 504 supports a privately enforceable cause of action. "To support such a cause of action, the regulation must be an 'implementing regulation' within the meaning of *Alexander v. Sandoval,* [532 U.S. 275] (2001)." *A.G.*, 815 F.3d at 1204. "According to *Sandoval,* regulations can only be enforced through the private right of action contained in a statute when they 'authoritatively construe' the statute; regulations that go beyond a construction of the statute's prohibitions do not fall within the implied private right of action, even if valid." *Lemahieu*, 513 F.3d at 935. Whether regulations issued pursuant to § 504 are cognizable in a private action for damages thus "will turn on whether their requirements fall within the scope of the prohibition contained in § 504 itself." *Id.*

While it is less than clear from the Complaint whether Plaintiff brings a statutory claim under § 504, a claim pursuant to § 504's implementing regulations, or both, the Opposition indicates that the thrust of the Complaint is for violation of § 504's implementing regulations. Opp. at 6-8. *See also* Complaint ¶ 35 ("Defendants have violated the rights of Plaintiff under Section 504 *and the regulations promulgated there under* [*sic*] by denying him the benefits of receiving full and equal access to public school programs just like other able-bodied students.") (emphasis supplied). Plaintiff explains in the Opposition that the crux of the suit is for "violation of § 504's integration mandate." Opp. at 7; *see also* Complaint ¶ 36 (alleging that "T.L. had a federally protected right to be integrated with general education children at school and to be provided with reasonable accommodations and modifications so

6

he could be educated with other general education children at his home school"). Specifically, the Opposition cites two regulations promulgated pursuant to § 504: both § 504's general integration mandate, 28 C.F.R. § 41.51(d) ("Recipients shall administer programs and activities in the most integrated setting appropriate to the needs of qualified handicapped persons."), and § 504's integration regulation specific to public schools, 34 C.F.R. § 104.34(a) (requiring education "with persons who are not handicapped to the maximum extent appropriate to the needs of the handicapped person"), as regulations that SKUSD allegedly violated. Neither of these is mentioned in the Complaint. "Without some clarity about precisely which § 504 regulations are at stake and why," the Complaint fails to make out a claim for violation of § 504's implementing regulations.[2] *Lemahieu*, 513 F.3d at 925; *see also id.* at 939 (granting plaintiff family on remand "an opportunity to amend its complaint to specify which § 504 regulations they believe were violated and which support a privately enforceable cause of action"); *H. v. Mill Valley Sch. Dist.*, No. 15-CV-05751-HSG, 2016 WL 3162174, at *4 (N.D. Cal. June 7, 2016) (dismissing claim for violation of § 504's implementing regulations where the complaint "fails to identify any specific § 504 regulations"). Because neither Defendant nor the Court can evaluate whether Plaintiff can maintain a private right of action for violation of § 504 regulations without knowing precisely which regulations are at issue, the Complaint fails to state a claim for violation of regulations promulgated pursuant to § 504. Plaintiff is reminded that a complaint must also contain "enough *facts* to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (emphasis supplied).[3]

---

[2] In *A.G.*, for instance, the Ninth Circuit reversed a grant of summary judgment to the defendant and ordered that

> on remand, the district court should evaluate (1) which claims for violation of section 504 regulations plaintiffs preserved; (2) whether those regulations "fall within the scope of the prohibition contained in § 504 itself," *Lemahieu*, 513 F.3d at 935 (citing *Sandoval*, 532 U.S. at 284); (3) whether the school district violated those regulations; and (4) whether the school district's violation of those regulations prevented A.G. from accessing her public education, *Hamamoto*, 620 F.3d at 1101.

815 F.3d at 1206.

[3] Defendants argue for the first time in reply that Plaintiff's Section 504 claim cannot be raised here because the claim either improperly seeks to re-litigate issues Plaintiff lost before the OAH or that Plaintiff failed to exhaust administrative remedies by failing to raise it before the OAH. Reply at 1-2. This argument fails because OAH does not have jurisdiction to hear

7

Accordingly, the motion to dismiss the claim for relief pursuant to § 504 is **GRANTED** with leave to amend.

B.  **Fourth Cause Of Action: Prevailing Party Attorneys' Fees Under IDEA And California Special Education Law**

Plaintiff's fourth cause of action is for prevailing party attorneys' fees under IDEA and the California Education Code. Defendant argues that because IDEA requires that a party exhaust state administrative remedies before seeking federal judicial review, Plaintiff's failure to seek attorneys' fees under IDEA at the administrative hearing forecloses his ability to recover them here.

IDEA provides that in "any action or proceeding brought under this section," a court, "in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i); *see also T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 474 (9th Cir. 2015). The Ninth Circuit has held that a party who prevails at an IDEA administrative hearing may file a complaint in federal court with the sole purpose of seeking attorneys' fees and costs incurred at the hearing. *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1169 (9th Cir. 2007) (holding that IDEA authorizes standalone action to recover attorneys' fees and costs even if parties resolve the dispute prior to the administrative or judicial proceeding). To recover fees, "[t]he parents must, however, establish that they are the prevailing parties." *Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1285 (9th Cir. 1991); *see also P.N.*, 474 F.3d at 1169-74 (denying award of attorneys' fees because although plaintiff secured relief, she was not a "prevailing party" under the circumstances); *Los Angeles Cty. Office of Educ. v. C.M.*, 550 F. App'x 387, 388 (9th Cir. 2013) (reversing district court's denial of attorneys' fees because plaintiff prevailed on significant issue at OAH proceedings but permitting district court to reduce or deny fees relating to subsequent

---

claims brought pursuant to Section 504, so those claims cannot be barred by *res judicata* or for failure to exhaust administrative remedies. *See Cayla R. v. Morgan Hill Unified Sch. Dist.*, No. 5:10-CV-04312 EJD, 2012 WL 1038664, at *6 (N.D. Cal. Mar. 27, 2012) (collecting cases); *Z.F. ex rel. M.A.F. v. Ripon Unified Sch. Dist.*, No. 2:10-CV-00523, 2011 WL 320249, at *4 (E.D. Cal. Jan. 28, 2011) ("Here, [plaintiffs] could not present Section 504 and ADA claims to the OAH since the OAH lacks jurisdiction to hear those claims.").

district court proceeding where plaintiff did not prevail on sole issue the district court reached). For purposes of awarding attorneys' fees, a prevailing party is one "which succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) (internal quotation marks and alteration omitted) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A prevailing party "must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004) (internal quotation marks and citation omitted). Mere technical or *de minimis* success is not enough to claim an award of attorneys' fees, and there must be a "causal link between the litigation brought and the outcome gained." *Student W.*, 31 F.3d at 1498; *see also Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1094 (9th Cir. 2017) (holding that a plaintiff's victory "was not trivial or merely technical" where the sole issue at the administrative proceeding was which educational agency would be responsible for funding plaintiff's free appropriate public education ("FAPE") and there was only a "residual risk that [plaintiff] would be discharged from school" because early in the proceedings the county agreed to pay the cost temporarily).

Plaintiff alleges in the Complaint that he prevailed at the OAH proceeding on his IDEA claim, resulting in an order that he immediately be reinstated at his home school. Complaint ¶ 10. This is a material alteration in the legal relationship between the parties that is more than trivial and adequately alleges that he was the "prevailing party." Because IDEA vests the district court with discretion to award attorneys' fees to a prevailing party, Plaintiff was not required to raise the issue of attorneys' fees at the OAH and he has not waived his potential entitlement to them.[4] *P.N.*, 474 F.3d at 1169.

---

[4] Though Defendant does not address the availability of attorneys' fees under California law in either the moving papers or in reply, Plaintiff cites in his Opposition California Education Code § 56507(b)(1), which provides for an award of reasonable attorneys' fees to the prevailing plaintiff either "with the agreement of the parties following the conclusion of the administrative hearing process or by a court of competent jurisdiction" pursuant to IDEA's provision for award of attorneys' fees, 20 U.S.C. § 1415(i)(3). In addition, Plaintiff cites a 2011 OAH decision stating that "OAH is without jurisdiction to award attorney fees and costs in due process hearings." ECF No. 10-1, *Student v. Placentia Yorba-Linda Unified Sch. Dist.*,

Defendant argues in reply that Plaintiff's victory at the OAH resulted in only technical relief and that it was in any case rendered moot because Plaintiff is no longer a student at SKUSD. Defendant cites no case law for either proposition. A finding that SKUSD failed to comply with IDEA and an order that it reinstate T.L. in his regular home school is more than trivial or technical. That T.L. is not currently a student at SKUSD – for reasons unidentified in the Complaint – does not change that T.L. prevailed on the significant issue presented in the OAH proceedings.

Accordingly, Defendant's motion to dismiss the claim for attorneys' fees incurred at the OAH proceeding is **DENIED**.

## V. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED IN PART** and **DENIED IN PART:**

1. Defendant's motion to dismiss the third cause of action for violation of Section 405 is **GRANTED** with leave to amend;
2. Defendant's motion to dismiss the fourth cause of action for attorneys' fees incurred during the OAH proceeding is **DENIED**;
3. Plaintiff shall file any amended complaint within 30 days of electronic service of this Memorandum Decision and Order.

IT IS SO ORDERED.

    Dated: __**April 25, 2018**__            _____/s/ Lawrence J. O'Neill_____
                                                          UNITED STATES CHIEF DISTRICT JUDGE

---

OAH Case #2011090433, Order Granting Partial Motion To Dismiss Proposed Resolution Four (Oct. 10, 2011), at 1. A recent California Court of Appeal decision held that IDEA's provision for the award of attorneys' fees grants concurrent jurisdiction to state and federal courts to award attorneys' fees, *Dep't of Health Care Servs. v. Office of Admin. Hearings*, 6 Cal. App. 5th 120, 159 (2016), but Defendant has identified no case law to support the notion that an administrative law judge has the power to award attorneys' fees or that attorneys' fees must be raised at the administrative proceeding or are waived.