UNITIED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.L. by his *Guardian Ad Litem* Keisha Layne,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Southern Kern Unified School District, Does 1-100, inclusive,<br><br>　　　　　　Defendant. | Case No. 1:17-cv-01686-LJO-JLT<br><br>Order Granting Unopposed Motion for Attorney's Fees<br><br>**(ECF No. 32)** |

　　　Before the Court for decision is a motion for attorney's fees filed by Plaintiff, T.L., seeking an award under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B)(i)(I), in the amount of $155,925.00 ($133,870.00 for time spent before the Office of Administrative Hearings ("OAH") and $22,055.00 for time spent before this Court). ECF No. 32. Defendant Southern Kern Unified School District ("District") does not oppose the motion. ECF No. 33.

　　　Plaintiff is entitled to recover attorney's fees under IDEA, which provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i)(I). A party prevails under IDEA when they succeed on "any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing the suit." *Parents of Student W. v. Puyallup*

*Sch. Dist. No. 3*, 31 F.2d 1489, 1498 (9th Cir. 1994). Here, Plaintiff prevailed because OAH reversed the District's expulsion of Plaintiff and ordered his reinstatement. Declaration of David M. Grey ("Grey Decl."), Ex. 12 at 24.

The Court "shall reduce" the fee award where "the amount of attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." 20 U.S.C. § 1415(i)(3)(F).

As mentioned, the District does not oppose the fee motion and therefore does not raise any objections to the amount of fees requested. A review of the entire record, including the declaration of Plaintiff's counsel shows that the hours requested by Plaintiff are reasonable for the litigation in the administrative proceedings and this Court. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993) (party opposing fee motion has the burden of submitting evidence challenging accuracy and reasonableness of the hours charged or the facts asserted in the fee applicant's affidavits); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (court should, by and large, defer to the winning lawyer's professional judgment regarding the time required to spend on the case).

Plaintiff requests an hourly rate of $550.00 for attorney Grey based upon rates charged in the Central District of California. This rate is "in line with those [rates] prevailing in [that] community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 & n. 11 (1984). Plaintiff has submitted evidence establishing that there are no (or at least very few) qualified or competent special education attorneys available

2

1 | locally in Plaintiff's community and therefore that it is reasonable to import the hourly rates from the Central District into this case. *See* Grey Decl., ¶¶ 16-21.

The number of hours requested (283.5) are also reasonable for this relatively complex case, which involved, among other things, a five-day trial before the OAH. *See* ECF No. 32-1 at 4; Grey Decl., ¶¶ 9, 23-25. Plaintiff's counsel has eliminated some of his time (and the time of other lawyers who worked on this matter) in an exercise of billing discretion. *See id*. at ¶¶ 7-8. The Court has reviewed counsel's billing statements and concludes the hours requested are reasonable and well documented. *See Grey Decl*., Ex. 2, ECF No. 32-4.

ORDER

Accordingly, upon good cause being shown, the Court GRANTS Plaintiff's motion for attorney's fees and ORDERS Defendant to pay Plaintiff prevailing party attorney's fees in the amount of $155,925.00.

The hearing on this motion, currently set for April 29, 2019, is VACATED.

The Court is informed that the parties have settled all remaining aspects of this case. The parties shall file dispositional documents within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: **April 24, 2019**            **/s/ Lawrence J. O'Neill**
                                     UNITED STATES CHIEF DISTRICT JUDGE