# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.L., by and through his guardian ad litem KEISHA LAYNE,<br><br>                Plaintiff,<br><br>   v.<br><br>SOUTHERN KERN UNIFIED SCHOOL DISTRICT,<br><br>                Defendant. | Case No.: 1:17-cv-01686-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING APPROVAL OF THE COMPROMISE ON BEHALF OF MINOR PLAINTIFF T.L.<br><br>(Doc. 37) |

In this action, T.L., a minor, by and through his guardian ad litem, Keisha Layne, claimed injuries as a result being forced out of his regular classroom and put on independent study for a few months. The plaintiff seeks the Court's approval for the settlement. (Doc. 37.) Because the Court finds the proposed settlement of the child's claims to be fair and reasonable, the Court recommends that the minor's compromise be approved.[1]

## I.     Factual and Procedural History

At all times relevant, T.L. was in general education fifth grade class at his home school. (Doc. 16 at 4.) T.L. had an individualized education program (IEP), which was supposed to help T.L. with

---

[1] The previously set hearing date of August 20, 2019 is vacated. Because the motion is unopposed and because the amended petition adequately sets forth the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

1

his attention deficit hyperactivity disorder (ADHD) and other mental impairments. (*Id.* at 4-5.) On April 21, 2017, T.L. got into a physical altercation with another student just after school ended. (*Id.* at 5.) Southern Kern Unified School District (District) responded to the incident by suspending T.L. and recommending that he be expelled. (*Id.*) He was taken out of his regular classroom at his home school and put into an independent study program for only a fraction of the school day. (*Id.*) During this time, he did not have interaction with other school children. (*Id.* at 2.)

T.L. contested the District's action by filing a complaint with the California Office of Administrative Hearings (OAH) under IDEA and California's special education laws. (*Id.* at 5.) After a hearing, the OAH issued a decision in favor of T.L., finding that T.L.'s conduct was a manifestation of his disabilities. (*Id.* at 5-6.) The OAH's decision also found that the District's failure to follow T.L.'s IEP contributed to and helped cause the incident and determined that the District did not comply with IDEA requirements when making the decision to remove T.L. from his regular home school. (*Id.* at 6.)

On April 24, 2019, the Court granted Plaintiff's unopposed motion for attorney's fees in the amount of $155,925.00. (Doc. 34.) Subsequently, in response to the parties reporting that they have settled the claims remaining in the complaint, the Court order Plaintiff to file a motion for approval of minor's compromise. (Docs. 35, 36.) On June 24, 2019, the Plaintiff filed a motion for approval of minor's compromise. (Doc. 37.)

## II.     Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

2

The Ninth Circuit determined that Federal Rule of Civil Procedure 17(c) imposes on the Court the responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. *Id.* at 1181; *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). Rather than focusing on the amount of fees to be awarded, the Court must evaluate whether the net amount to the child is fair and reasonable "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-1182.

### III. Discussion and Analysis

The petition for approval of the settlement reached on behalf of the child T.L. sets forth the information required by Local Rule 202(b)(2). T.L. is a minor, who is now thirteen years old. (Doc. 37-3 at 1.) Keisha Layne is a single mother and the primary caretaker of T.L. (*Id.* at 1-2.) Plaintiff, through his guardian ad litem, asserts that the child's damages arise from the few months he was forced out of his regular classroom and put on independent study. (Doc. 37-1 at 2.)

#### A. Award to T.L.

T.L. is to receive $24,750.00 from the settlement. The motion states that "Keisha Layne will deposit that money into an account for T.L.'s benefit." (Doc 37-1 at 4.) The Court will require that T.L's payment be deposited into a blocked account in a financial institution in this state, subject to withdrawal only upon authorization of the Court until the child reaches the age of majority. Court approval of withdrawal of funds from the account may be requested from the Court by Ms. Layne without representation by counsel through an informal letter filed with the Court. Any such letter SHALL explain the need for the funds, how the funds will be spent and how the expenditure will benefit the child. In this way, the child's interests will be protected.

Out of the settlement proceeds, Plaintiff's counsel will be awarded no costs or attorney's fees. However, the Court previously entered an order granting Plaintiff attorney's fees in the amount of

$155,925.00 (Doc. 34), and Plaintiff's counsel will also be receiving $4,200.00 from a special education claims settlement. (Doc. 37-1 at 3.)

### B.     Recovery in Similar Actions

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the child's claims is reasonable. *See Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363. Although Petitioner did not identify any similar actions to support the approval of the minor's compromise, the Court finds the recovery is appropriate considering those received by minors in other actions.

For example, in *K.B. v. City of Visalia*, 2016 U.S. Dist. LEXIS 132612, *2 (E.D. Cal. Sept. 27, 2016), K.B. was detained when he was eloping from school. It was alleged that the defendants knew or should have known that K.B. was a special needs child with behavioral issues, including ADHD and anxiety, and that defendants disregarded the behavioral issues when the detention of K.B. occurred, resulting in unnecessary injury to the minor. *Id.* It was also alleged that K.B. sought additional therapy sessions and calming medications as a result of the incident. *Id.* The minor's distribution was $11,685.15. *Id.* at *11.

The settlement here approximates those amounts awarded to other minors who suffered similar injuries caused by a school's actions in improperly handling a student with disabilities. *See, e.g.*, *D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist.*, No. 1:11-cv-01112-SAB, 2013 U.S. Dist. LEXIS 9159, *6-7 (E.D. Cal. Jan. 23, 2013) (approving net settlement payment of $65,000, inclusive of attorney's fees, of which $30,000 was disbursed to the child, based on allegations that the school improperly used restraints and failed to provide proper programs, services, and activities to accommodate his disabilities, specifically ADHD and specific learning disability); *C.F. v. San Lorenzo Unified Sch. Dist*, 2016 U.S. Dist. LEXIS 115870, *2-4 (N.D. Cal. Aug. 29, 2016) (approving a $65,000 compromise for loss of special education services to minor plaintiff with ADHD, dyslexia, and learning disabilities); *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. C 11-03108 LB, 2012 U.S. Dist. LEXIS 62930, *2-5 (N.D. Cal. May 4, 2012) (approving a $28,650 net settlement where the plaintiff, a student with emotional and behavioral disabilities, alleged his school district ignored his disabilities, did not protect him from peer harassment and inappropriately restrained him in a time-out

room where another student attacked him).

Based upon the information provided in the motion and the supporting documents, and considering the totality of the facts and circumstances of this case—and most particularly the excellent result achieved compared to similar actions—the Court finds the settlement agreement is fair, reasonable, and in the best interests of the child.

## IV. Findings and Recommendations

Based upon the foregoing, the Court **RECOMMENDS** the following:

1. The motion for approval of minor's compromise is **GRANTED**;
2. The settlement proceeds for T.L., in the amount of $24,750.00, is **ORDERED** to be deposited in a blocked account in a financial institution in this state and withdrawals of the proceeds occur only by order of the Court;
3. The proceeds of the settlement authorized to be used only for the health, education and welfare of the child and any proceeds remaining when the child turns 21 years old, will be disbursed to him at that time; and
4. The parties are **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and lodge a separate order, no later than 45 days after these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**July 15, 2019**__     __**/s/ Jennifer L. Thurston**__
UNITED STATES MAGISTRATE JUDGE